F. ABRAHAM *et al.*, Plaintiffs-Appellees, *v.* U. A. W. INTERNATIONAL *et al.*, Defendants-Appellants.

(No. 58449; ▮▮▮▮▮▮▮▮▮▮)

First District (1st Division)—May 20, 1974.

Harold A. Katz, Irving M. Friedman, Zenia Goodman, and Stuart Gordon, all of Chicago (Katz & Friedman, of counsel), for appellants.

Adamowski, Newey & Riley, of Chicago (Robert W. MacDonald and Francis X. Riley, of counsel), for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

This record presents an action brought by approximately 300 produc-

tion and maintenance employees of Automatic Transportation Company (employer) against International Union, United Automobile, Aircraft and Agricultural Implement Workers of America and 10 individuals described as members, officers, agents or representatives of said International Union or the Executive Board thereof (defendants). The local affiliate of the International Union, with which the employer had a collective bargaining agreement, is not a party to the cause.

After trial without a jury, the court entered a judgment containing findings of fact and conclusions of law and granting plaintiffs "a judgment of liability for losses sustained against the defendants, individually and collectively, by reason of defendants' tortious conduct." The court also retained jurisdiction "for the purpose of an accounting of the amount of losses plaintiffs have sustained, and for the entry of a judgment for such losses, against defendants together with interest and costs." Thereafter, after hearing further testimony from 121 of the plaintiffs "relative to the losses, sustained by them, as a result of defendants' tortious conduct" the trial court entered a series of judgments in favor of each of the individual plaintiffs allowing them damages for lost time and vacation pay resulting from a strike against the employer by plaintiffs. It is undisputed that not all of the plaintiffs are members of the Union. Defendants appeal.

In this court, defendants contend that the action cannot be maintained because the International Union is not suable in an action for damages; jurisdiction of the State courts has been preempted by the Federal National Labor Relations Act and Federal law has created exclusive remedies which would deprive State courts of jurisdiction; plaintiffs failed to exhaust administrative remedies within the International Union and remedies required under the employment contract; plaintiffs have not proved the case against the International Union because the strike was undertaken by the local union involved which is not a party to the cause; notice served upon the employer was adequate to prevent renewal of the labor contract; the parties orally modified their contract to be terminable on notice of 24 hours; plaintiffs voluntarily abstained from work so that they cannot recover; and the International Union is not liable for an honest mistake of judgment made in good faith even assuming a mistake was made; the judgment of the court was erroneous in permitting recovery by plaintiffs in the absence of proof of freedom from contributory negligence; the court failed to make essential findings; critical findings made by the court are contrary to the evidence; and, finally, the court erred in awarding prejudgment interest. Plaintiffs contend that the court properly exercised jurisdiction to reimburse the members of the local union for losses sustained by reason of the fraud, deception and mistakes

of the defendants; the State court had jurisdiction of the cause as an internal union dispute which Congress has not preempted under Federal law; plaintiffs have no administrative remedies to exhaust; or, alternatively, invoking them would be meaningless; and, finally, interest may be awarded in chancery where equitable considerations require it.

The gist of plaintiffs' complaint, as amended, is that the defendants did "intentionally, wilfully, negligently and wrongfully with utter lack of due care, caution and propriety for the welfare and protection of plaintiffs * * * authorize, approve, direct, assist, support and sanction an improper, wrongful and illegal strike" at the employer's plant; and, in addition, that the defendants caused faulty notice to be served upon the employer calling for modification of the collective bargaining agreement but should have provided for termination thereof. It is clear and undisputed that the employer was engaged in interstate commerce and the collective bargaining agreement with the local union provided that it was made pursuant to the provisions of the National Labor Relations Act.

Matters regarding the provisions and legal effect of notices for termination or modification of collective bargaining agreements covering employees in an industry affecting commerce and the legality of strikes in connection with such procedure are considered and set forth in detail under Federal law. (See National Labor Relations Act, 29 U.S.C. § 158.) Determination of the merits of the controversy between these parties necessarily involves a determination of the legal efficacy and effects of notices served upon the employer shortly prior to the termination of the collective bargaining agreement and also of the legality of a strike which occurred at the employer's plant after the service of these notices on behalf of the employees.

Therefore, as urged by defendants, jurisdiction over the basic legal issues presented by this record has been preempted by Federal law. The cause is and must remain subject to the exclusive jurisdiction of the National Labor Relations Board. This rule of exclusive Federal jurisdiction in matters arising in interstate commerce under section 8 of the National Labor Relations Act is clearly decided by the United States Supreme Court in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 3 L.Ed.2d 775, 79 S.Ct. 773. There, a peaceful strike was initiated against an employer by members of a union who sought an agreement of maintenance of membership from the employer. The California courts granted the employer an injunction against the strike and a judgment for damages. Thereafter, the United States Supreme Court vacated this judgment and remanded the cause to the California court which set aside the injunction but sustained the award for damages. The United

States Supreme Court then again accepted the cause for review and reversed the judgment for damages on the specific ground of preemption of the subject matter thereof by Congress to the exclusive jurisdiction of the National Labor Relations Board. The language used by the court has been frequently quoted (see 359 U.S. at 245):

> "When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."

The court took pains to point out that if the States were to remain free to regulate conduct so plainly within the central aim of Federal regulation, there would be too great a danger of conflict between power asserted by Congress and requirements imposed by State law. See 359 U.S. at 244.

A number of later cases decided by the United States Supreme Court have considered and adhered to this theory of Federal preemption. Some of these decisions are cited in *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 29 L.Ed.2d 473, 91 S.Ct. 1909. There, plaintiff obtained a judgment against his union for money damages in the Idaho courts. The issue was a clause in the collective bargaining agreement providing for maintenance of membership by employees in interstate commerce. The United States Supreme Court reversed this judgment on the theory that section 8 of the National Labor Relations Act (29 U.S.C. 158) regulated this form of union activity. The court held that this jurisdiction had been preempted by Congress to the National Labor Relations Board so that the State court had no authority to act (403 U.S. at 293):

> "From the foregoing, then, it would seem that this case indeed represents one of the clearest instances where the *Garmon* principle, properly understood, should operate to oust state court jurisdiction. There being no doubt that the conduct here involved was arguably protected by § 7 or prohibited by § 8 of the Act, the full range of very substantial interests the pre-emption doctrine seeks to protect is directly implicated here."

In opposition to this argument and the authorities above cited, plaintiffs rely primarily upon four decisions by the United States Supreme Court. None of these authorities is applicable here. In *U.A.W. v. Russell*, 356 U.S. 634, 2 L.Ed.2d 1030, 78 S.Ct. 932, the evidence showed the commission of violent acts during the course of a strike. The Supreme Court held that this type of conduct created an exception to the preemption doctrine. The court noted this differentiation in *Garmon* where it pointed out that "the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the

States of the power to act." (See 359 U.S. at 244.) Note the comment upon the above-quoted language from *Russell* and *Garmon* expressed by the court in *Lockridge* (403 U.S. at 297). The presence of elements of violence in the record is also sufficient to differentiate *United Construction Workers v. Laburnum Construction Corp.*, 347 U.S. 656, 98 L.Ed. 1025, 74 S.Ct. 833. Similarly, *International Association of Machinists v. Gonzales*, 356 U.S. 617, 2 L.Ed.2d 1018, 78 S.Ct. 923, is of no assistance to plaintiffs because the facts there concerned "purely internal union matters" pertaining to relations between the individual members and the union and having nothing to do with matters of employment. As stated by the Supreme Court in *Lockridge* (403 U.S. at 296):

> "The possibility that, in defining the scope of the union's duty to Gonzales, the state courts would directly and consciously implicate principles of federal law was at best tangential and remote. In the instant case, however, this possibility was real and immediate."

Quite to the contrary, the rights of the litigants in the case at bar cannot be decided without involvement of matters such as the legal effect of the notices served upon the employer which are directly and inextricably within the purview of section 8 of the Labor Management Relations Act. 29 U.S.C. § 158.

In *Vaca v. Sipes*, 386 U.S. 171, 17 L.Ed.2d 842, 87 S.Ct. 903, a union member filed suit against his union in the Missouri court on the ground that the employer had discharged him in violation of a collective bargaining agreement and the union had arbitrarily and without reasonable cause refused to take the grievance to arbitration in accordance with the collective bargaining agreement. The Supreme Court held that jurisdiction of the State court was not preempted by Federal law. The court reversed the judgment against the union but solely on the ground of impropriety of the award. However, the Supreme Court expressly adhered to the doctrine of preemption, as exemplified by decisions such as *Garmon*. The court expressly differentiated the *Vaca* situation by pointing out an exception to the preemption doctrine. Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) "permits suits for breach of a collective bargaining agreement regardless of whether the particular breach is also an unfair labor practice within the jurisdiction of the National Labor Relations Board." (See 386 U.S. at 179 and 180.) Cases such as *Vaca* are based upon this section and present issues which concern the possibility of union discrimination against individual members (see 386 U.S. at 183, 184). No such possibility exists in the case before us.

We, therefore, are impelled to reach the conclusion that the subject matter of the case before us has indeed been preempted by Federal law so that the State courts are effectively deprived of jurisdiction.

Under this view of the controversy, it is unnecessary for us to consider or decide any of the remaining contentions raised by the parties. We will, however, note that the case presents, in our opinion, an attempt to obtain damages upon purely legal demands. For this additional reason, the court had no jurisdiction over the international union. *Von Solbrig Memorial Hospital v. Licata*, 15 Ill.App.3d 1025, 1029, 305 N.E.2d 252, *leave to appeal denied* (March 19, 1974) and authorities therein cited.

It follows necessarily that the judgment appealed from must be reversed.

Judgment reversed.

EGAN, P. J., and BURKE, J., concur.